## Hincken et al. v. Election Board of Spring Township

*Jay G. Weiser,* for petitioners;   *A. F. Gilbert,* for respondent.

LESHER, P. J., October 23, 1933.—Robert E. Hincken, James J. Sheeran, Willie J. Dutch, and James William Boyd, designating themselves as members of the Beaver Springs Civilian Conservation Corps, Federal No. 1136, presented a petition to the Court of Common Pleas of Snyder County, Pa., praying that a writ of mandamus be directed to the election board of Spring Township, Snyder County, Pa., commanding it to receive the vote of the petitioners.

The petitioners, as a basis for said petition, allege that they were duly registered as voters by the registry assessor of Spring Township on July 18, 1933, and that the board of election of said Spring Township, at the primary election held September 19, 1933, refused to allow the petitioners to vote.

The prayer of the petition is that the election board of Spring Township be directed to receive the vote of the above petitioners.

The petition sets forth that the election at which they were deprived of their right to vote is passed. Although the petition fails to set forth the fact, the court assumes that they desire a mandamus to issue, directing the election board of Spring Township to allow the petitioners to vote at the coming general election to be held November 7, 1933.

The fact that a voter is registered by a registry assessor does not alone entitle him to vote, at least, in the event that his right to vote is challenged for proper cause such as nonpayment of taxes or any other legal cause.

The petition in this case fails to set forth that the petitioners are citizens of the United States or of the State of Pennsylvania, or that they have paid a tax and resided the requisite time within the said township; likewise even though the petitioners, at the time of presenting this petition, may have been entitled to vote, their status may change between the time of the signing of their petition and the time the election is to be held, so that the court could not anticipate

what may happen, even assuming that these men now have a legal right to vote, although, as we have before stated, the petition fails to set forth sufficiently facts which would give them that right.

The court is of the opinion that if the petitioners feel that they are entitled to a vote in Spring Township, it is their duty to present themselves to the election board on election day, whose duty it will be to pass upon their qualifications and their right to vote, and their right to vote may be challenged at that time for some legal reason, and if their right to vote is challenged, the voters must then establish their right to vote in the manner provided by law. The court cannot anticipate or perform this duty for the election board. The law provides that controversies as to the right of an elector to vote shall be decided by the inspectors, and if they disagree, the judge of election shall decide, and for that purpose may examine, under oath, the person claiming such right. The duties of an election board are in their nature judicial, and the court is of the opinion that inasmuch as the petition fails to set forth the substance of a case the petition must be refused.

And now, October 23, 1933, the petition for mandamus is discharged, and mandamus is refused.    From A. Francis Gilbert, Middleburg, Pa.